STATE *v.* STONE.

(No. 97347—Decided September 5, 1968.)

Municipal Court of Hamilton County.

*Mr. Ralph E. Cors*, city prosecutor, and *Mr. Norbert Nadel*, for state.

*Mr. James Rimideo*, for defendant.

KRAFT, J.  On the 20th day of May, 1967, the defendant was observed walking through the H. & S. Pogue Department Store in the city of Cincinnati by an employee of the security department of said store.  The said security officer followed the defendant through the store and into an adjacent store, The Mabley and Carew Company.  The said security officer then followed the defendant out of the second store onto East Fifth Street in the city of Cincinnati and finally into Lowe's Discount Drug Store where the security officer was not an employee.  The defendant was then observed by the security officer removing three boxes from a display counter, placing them on his person and leaving this last establishment.  The security officer followed the defendant about fifty feet from the last establishment, stopped the defendant on the street, admonishing him to hand over the cologne, which he had taken from the premises.  The defendant was then returned to the Lowe's Discount Drug Store, where a discussion ensued with the store manager, after which the police were called and the defendant was placed under arrest and charged with petit larceny.

Attorney for the defendant moved to suppress the evidence secured from the defendant, to wit, the cologne. He argues that the security officer was an employee of H. & S. Pogue Company, not a commissioned officer, but a private citizen and having no warrant could not make an arrest for a misdemeanor even though he observed the misdemeanor being committed.

The court feels there is no basis for this position since, at the time of the detention, the evidence clearly gave the security officer reasonable grounds to believe that a felony was being committed. Section 2935.04, Revised Code, provides that any person who has reasonable grounds to believe a felony has been committed may make an arrest without a warrant.

The defendant's attorney also argues that detention, as used in Section 2935.041, Revised Code, constitutes an arrest which, if illegal, would support his motion to suppress. The court feels that since the security officer had reasonable grounds to believe a felony was being committed, it is not necessary to dwell on the issue of detention versus arrest.

Defendant's attorney finally argues that Section 2935.-041, Revised Code, does not apply to the employee of a merchant who observes a petit larceny being committed unless it is being committed in the establishment where the employee is employed, and therefore the security officer had no right to detain the defendant.

This issue turns on the interpretation of Section 2935.-041, Revised Code, which states as follows:

"A merchant or a merchant's employee who has probable cause for believing that items offered for sale by a mercantile establishment have been unlawfully taken by a person, may, in order to recover such items without search or undue restraint or in order to cause an arrest to be made by a police officer until a warrant can be obtained, detain such person in a reasonable manner for a reasonable length of time within the said mercantile establishment or the immediate vicinity thereof."

The Legislature of the state of Ohio provided the

above section to deal with the severe problem of shoplifting in all mercantile establishments. The challenge that an employee who is a security officer of one establishment cannot exercise the right of detention under this section when a person is observed taking merchandise from another mercantile establishment attacks the very heart and purpose of this statute.

Criminal statutes of the state of Oho must be strictly interpreted and the courts should not read into a law something which obviously does not appear therein.

The Legislature of the state of Ohio has not said that an employee of one establishment can exercise the rights under this section *only* if the merchandise is seen being taken from the same establishment where he is employed. If this had been intended, the Legislature would have included specific language to this effect.

The Legislature did not see fit to restrict the operation of this section and the court will not indulge itself in the dangerous practice of usurping this role.

The motion of the defendant to suppress the evidence is hereby overruled.